we traded, I told him I would give him my interest in the Atlanta property for his land in Douglas; etc.

R. J. JORDAN, for plaintiff.    J. A. ANDERSON and DORSEY, BREWSTER & HOWELL, for defendant.

THE COUNTY OF WALTON *v.* FRANKLIN *et al.*

SIMMONS, C. J.—The county authorities have no power to hire out convicts sentenced under the provisions of section 4310 of the code, to a private individual, whether being so hired they be worked in chain-gangs or otherwise, and so much of the acts of the legislature embodied in sections 4814, 4815, 4820 and 4821(e) of the code as authorizes such a hiring is repealed by the act of August 11, 1879 (Code, §4310).  Hence, where an ordinary hired convicts to an individual to be worked in a chain-gang, and took a bond from him for the faithful performance of his contract, and the individual refused to take the convicts, in a suit for a breach of the bond, these facts being alleged in the petition, it was not error to sustain a general demurrer thereto.  Notwithstanding a seeming expression to the contrary in the head-note announced in the case of *Walton County* v. *Powell*, 94 *Ga.* 646, that case is distinguishable from the present.  There the written contract had been executed, and the hirers themselves recognized its legality, but sought to avoid its terms by proving a parol contract conflicting with the same.                    *Judgment affirmed.*
December 21, 1894.

Action on bond.  Before Judge CLARK.  Newton superior court.  March term, 1894.

On September 27, 1890, the County of Walton by its ordinary entered into a contract with Franklin, whereby it agreed to deliver to him at its jail all convicts sentenced by the superior and county courts to work in the chain-gang upon the public works, during the years 1891 and 1892; he representing in this contract that he maintained in Newton county a public chain-gang inspected by the grand jury of that county, with suitable provision for the safe-keeping and management of such convicts as might be placed under his charge by the county authorities for the purpose of carrying out the sentences of the courts; and agreeing to pay certain

named prices for different classes of convicts, to take all convicts and maintain them without expense to the county, to send proper guard for them when notified, pay the stipulated price on their delivery, and keep, guard, clothe and work all such convicts as provided in the respective sentences of the courts.   For the faithful performance of this contract he executed a bond with security, payable to the ordinary of Walton county, and his successors.   The county performed its part of the contract, giving due notice and delivering all convicts called for in response thereto; but about August 29, 1892, Franklin refused, and continued to refuse for the balance of the time covered by the agreement, to receive or send for any more such convicts as he agreed under the contract to take; whereby the county was forced to keep them in jail until they could be rehired, and then to rehire them at lesser rates than he had agreed to pay. Suit was brought on the bond, for the difference in hire, expenses, etc., of the convicts so rejected; and the petition, showing the foregoing facts with other details not necessary to mention, was dismissed on demurrer.

SANDERS McDANIEL, for plaintiff.

E. F. EDWARDS, for defendants.

---

## KENNEDY v. BRAND.

LUMPKIN, J.—Under the plain and unequivocal mandate of section 4203 of the code, when exceptions to the report of an auditor are submitted to a jury, they must return a verdict on each exception *seriatim*.   Accordingly, where divers exceptions to an auditor's report were thus submitted, a verdict in these words, "We, the jury, find to sustain the auditor's report," was contrary to law, and must be set aside.                      *Judgment reversed.*
December 21, 1894.

Exceptions to auditor's report.   Before Judge CLARK. Rockdale superior court.   April term, 1894.

J. N. GLENN, for plaintiff in error.

J. R. IRWIN, *contra*.